# EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SUZANNE TARROW,

    Plaintiff,

v

GEHRING L.P., a foreign limited partnership,

    Defendant.

Case No. 17-162143 -CD
Hon. JDG BOWMAN

RICHARD B. TOMLINSON (P27604)
Driggers, Schultz & Herbst, P.C.
Attorneys for Plaintiff
2600 West Big Beaver Road, Suite 550
Troy, MI 48084
248-649-6000
rtomlinson@driggersschultz.com

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court nor has any such action been previously filed and dismissed.

Plaintiff, Suzanne Tarrow, by her attorneys, Driggers, Schultz & Herbst, P.C., for her Complaint against the Defendant, states as follows:

1. Plaintiff is an individual who at all relevant times conducted business in Oakland County, Michigan.

2. Defendant Gehring L.P. ("Gehring"), is a foreign limited partnership, qualified to do business in the state of Michigan, and conducts business in its offices located in Farmington Hills, Michigan in Oakland County.

3. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs and attorney's fees.

Received for Filing Oakland County Clerk 11/20/2017 1:59 PM

4. This Court also has jurisdiction over the claims in this action under 29 U.S.C. §216(b).

## GENERAL ALLEGATIONS

5. Plaintiff incorporates and realleges Paragraphs 1 through 4 as though fully set forth herein.

6. Plaintiff was hired by Gehring in approximately 2004 and worked as an administrative assistant for the company. Her "Consent to Sue" is attached as **Exhibit 1**.

7. In March 2017, Plaintiff was given the title of HR Manager but did not have any managerial or discretionary decision making duties in her new position.

8. This case is brought to remedy the failure of Gehring to pay overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Michigan Act.

9. Gehring is an enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s).

10. At all times relevant, Gehring has employed two or more persons, including Plaintiff, engaged in commerce or in the production of goods for commerce or has had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as defined in 29 U.S.C. §203(s)(1)(A)(i).

11. At all times relevant hereto, Gehring has achieved annual gross sales in excess of $500,000, in accordance with 29 U.S.C. §203(s)(1)(A)(ii).

12. At all times prior to March 2017, Plaintiff was employed as an administrative assistant and in March 2017 was given the title of HR Manager.

13. The company improperly classified Plaintiff as an exempt employee under the FLSA and required her to work a minimum of 45 hours per week. Gehring told Plaintiff that she was not eligible to receive overtime pay for her hours in excess of 40 hours per week.

Received for Filing Oakland County Clerk 11/20/2017 1:59 PM

14. During the course of her employment Plaintiff regularly worked 48 hours per week and up to 60 hours per week as HR Manager and was not paid for overtime for her hours in excess of 40 hours per week.

15. Gehring was aware that Plaintiff was working more than 40 hours per week and did not record the hours that she worked.

## COUNT I

## UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

16. Plaintiff incorporates and realleges Paragraphs 1 through 15 as though fully set forth herein.

17. Gehring failed to pay overtime wages to Plaintiff for each hour worked over 40 hours per week in violation of the FLSA, 29 U.S.C. §201 *et seq.* and its implementing regulations.

18. Gehring's failure to pay proper overtime wages for each hour worked by Plaintiff over 40 hours per week was willful within the meaning of the FLSA.

19. Gehring was aware that Plaintiff was not an exempt employee under the terms of the Fair Labor Standard Act and was entitled to be paid overtime for her weekly hours in excess of 40 hours.

20. Gehring knew that its employment and pay practices as to Plaintiff Tarrow violated the FLSA but disregarded its obligations under the FLSA.

21. Gehring was well aware that its action in misclassifying employees as exempt employees, such as Plaintiff were in violation of the FLSA.

WHEREFORE, Plaintiff requests this Honorable Court to enter a Judgment in Plaintiff's favor and against Defendant Gehring L.P. on her claims for unpaid overtime under the FLSA, an

Received for Filing Oakland County Clerk 11/20/2017 1:59 PM

equal amount in liquidated damages under the provisions of the FLSA and award Plaintiff her costs including expert fees and costs, and reasonable attorney's fees.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By:/s/Richard B. Tomlinson (P27604)
    Richard B. Tomlinson (P27604)
    Attorneys for Plaintiff
    2600 W. Big Beaver Road, Suite 550
    Troy, Michigan 48084
    (248) 649-6000
    rtomlinson@driggersschultz.com

Dated: November 20, 2017

## JURY DEMAND

Suzanne Tarrow, by her attorneys Driggers, Schultz & Herbst, P.C., requests a trial by jury.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By: /s/Richard B. Tomlinson (P27604)
    Richard B. Tomlinson (P27604)
    Attorneys for Plaintiff
    2600 W. Big Beaver Road, Suite 550
    Troy, Michigan 48084
    (248) 649-6000
    rtomlinson@driggersschultz.com

Dated: November 20, 2017

Received for Filing Oakland County Clerk 11/20/2017 1:59 PM

# EXHIBIT 1

Received for Filing Oakland County Clerk   11/20/2017 1:59 PM

## CONSENT TO SUE UNDER THE FLSA

I, Suzanne Tarrow, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment by Gehring L.P. and any other associated parties. I authorize Driggers, Schultz & Herbst, Richard B. Tomlinson, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 11/17/17

SUZANNE TARROW

Received for Filing Oakland County Clerk 11/20/2017 1:59 PM